The judgment of the court (Slidell, J. dissenting) was pronounced by
Rost, J.
This is an appeal from a decree homologating the partition of the succession of the late Benjamin Story, It was made in conformity with a transaction entered ipto between the heirs, by the authorization of the judge given on the advice of a family meeting of the minors.
Henry Story, one of the heirs, being indebted to the succession in a sum exceeding his hereditary rights, elected to collate by taking less, and become a debtor of the site,cession for the difference ; five lots of equal yalne were formed out of the remainder of the succession by experts duly appointed and sworn: the tutrix of the three minor heirs selected three of these lots, with the understanding that they were to remain in common between them. Mrs. Maclcie, another of the heirs, who had purchased a large amount of property of the succession; took the lot in which the claim against her was included, and Sidney Story, the other heir, received the remaining lot. The partition was homologated as made, and Sidney and Henry have appealed.
The appellants allege, that under article 1289, C. C., the lots made by the experts should have been drawn by the heirs. That under article 1291, C. C., when there are minor heirs, having adverse interests in a partition, who have the same tutor, special tutors must be appointed to them, whose functions cease as soon as the partition is terminated. They urge that neither of these formalities have been fulfilled ; and that under article 1300 ot the code, the partition is illegal, and void, by reason of these omissions.
It has been attempted, in this case, to evade the formalities required in judicial proceedings to which minors are parties, by resorting to a transaction between the heirs, under article 348 of the code; and in support of this mode of proceeding, the appellees rely on the case of Vaudreuil v. Sallonier Tamnay, 15 Sirey, 1st part, 204, decided by the court of cassation, under dispositions of law similar to ours. If we were otherwise disposed to recognise the authority of that case, the appellee could not claim the benefit of it, because the partition has not been made in the manner advised by the family meeting, and authorised by the court.
“The tutrix was authorised to make’,choice for the minors out of the effects of the succession, to the amount coming to them according to the appraisement in the inventory, and to select the same in an undivided mass for their common benefit. She had the right to take all the best property of the succession.”
We are bound to presume, that all the lots formed were composed of equal portions of the various kinds of property found in the succession, and on that *211 hypothesis the lots selected for the minors could not have been exclusively composed of the most desirable property.
The case of Vaudreuil is not at all analagous to the present; it involved the settlement and partition of several direct and collateral successions, and the separate enjoyment by the heirs, of some' of those successions, and of portions of others: rents due those successions had been reimbursed in depreciated paper money ; the heirs had moreover, a great number of litigious claims against each other. The settlement of their accounts, and the formation of lots in the manner prescribed for judicial partitions,- if at all practicable, would have led to endless litigation, and have been ruinous to them. Some of the heirs besides were in possession of separate portions of the property to be divided; the report of the case does not inform us under what title they possessed. They may have had the right of retaining the' property as a portion of their shares, and in that case the drawing of lots may not have been practicable without a cant-ling of the tenements, which the law forbids. C. C. 1287.
No such difficulties were presented by this case. There was but one succession to divide: one of the heirs had received his share; another heir, Mrs. Maclde, had purchased property of the succession, which, under article 1265 C. C., she had the right to keep as a portion of her share; and it was legal and proper to form a lot for her, in which her indebtedness to the succession was included. The other four heirs owed nothing to the succession; their rights and chances were, in all r-espect equal, and no motive 'can be assigned for not drawing their lots. So far as there were' differences between the heirs, as to their respective claims, the transaction entered into was proper, and is binding upon them ; but, there was no question between them as to the mode of selecting the lots of the minors, or the manner in which they should be represented in the partition, and, consequently, no ground for a compromise on those subjects; the course adopted by the tutrix Was unasked, uncalledfor, and injurious to all parties. It subjected the' minors to the vexation, delay, and expense of a second partition among themselves, and the heirs of age to warranties under that partition to which they could not be parties.
The warranty which the heirs are to give' each other in final partitions, makes it necessary that 'the share of each should be determined and fixed contradictorily with the others, and, accordingly, the rule is, that a partition made by roots, is not definitive, unless the share coming to each root, has been sub-divided among the parties to whom it has descended.
There is no exception to the rule, which, in a case like this, requires a special tutor to be appointed to each of the minors ; the common tutor cannot represent even one of them, unless he is especially authorised to do so. The mixing up of the shares of the three minors, after going through all the formalities and expenses of a partition, is an unheard of proceeding; the partition as made does not preclude the necessity of another; in the case of Vaudreuil, there was but one minor, and her tutrix had the undoubted right to represent her.
Henry Story was paid in full; under article 1265 of the code, Mrs. Maclde was entitled to take her indebtedness to the succession, in part payment of -her share, and as there was not a sufficient amount of money to give to each of her co-heirs a like sum, there was but two ways of determining her share : either the other heirs were each to receive in property a sum equal to her indebtedness, and the remainder of the property of the succession was to be formed into five lots and drawn, or one was to receive by attribution a lot of which her indebtedness should form a part, and the remaining lots were to be drawn *212 among the 'other heirs. Either mode complies, as far as practicable, with the law; but, as a general rule, the second mode is to be preferred, as less liable to be attended with a cantling of the tenements.
The rule to be deduced from the conflicting articles of the code on this subject is, that lots should be drawn when it is practicable, and as far as it is practicable to do so, without depriving any of the heirs of their legal rights, or affecting injuriously the value of the property, or the separate shares of the heirs. For instance, a father leaves four children, and bequeaths to one of them the disposable portion of one-third, he is entitled to one-half of the succession, and each of the other heirs to one-sixth; if it consists of property which can be conveniently divided into six lots, it must be so divided, and the preferred heir will draw three of them. 38 Sirey (I. 216.)
If six lots cannot be formed without injury to the property, or if the preferred heir should have a manifest interest that the property composing his share should be contiguous, and it can be so given to him, without injury to the others, ope-half of the property of the succession is to be formed into a lot, in the manner that lots are formed, and adjudged to him by attribution, and the other half is to be divided into three lots, which the other heirs will draw. The mode of making partitions varies with the facts of each case; and before referring the parties to the notary, the judge having cognizance of the succession, should regulate it, in the manner which shall appear to him most convenient and most advantageous for the general interest of the co-heirs, in conformity with the principles recognised in this opinion. He is expressly authorized to do so by article 1259 C. C.
For the reasons assigned, it is ordered, that the judgment homologating the partition in this case be reversed, and the partition set aside. It is further ordered, that the case be remanded for further proceedings, with directions to the district judge to cause to be appointed and sworn, a special tutor for each of the three minor heirs of the late Benjamin Story, and to refer the parties to Hilary Breton Cenas, notary public, to proceed in the partition of the succession, with directions to him to cause the experts he shall appoint to form and assign to Mrs. Maelcie, a lot equal in value to her share, and of which her indebtedness to the succession shall form a part; and to form with the remainder of the property four equal lots, which shall be drawn by the four remaining heirs. It is further ordered, that the share of Henry C. Story be compensated with an equal amount of his indebtedness to the succession. It is further ordered, that the partition be made on the basis of the compromise, entered into between the heirs, so far as it is not inconsistent with the decree. It is further ordered, that the costs of this appeal be paid by the appellees.